UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-23370-CIV-SEITZO/O'SULLIVAN

**RAYMOND YOUNG and**
**PAULA YOUNG,**

    Plaintiff,
vs.

**LEXINGTON INSURANCE COMPANY,**

    Defendant.
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLEADINGS AND TO ENLARGE TIME TO SERVE EXPERT WITNESS DISCLOSURE AND CONDUCT DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW**, RAYMOND YOUNG and PAULA YOUNG ("Plaintiffs"), by and through their undersigned attorney, and pursuant to Fed R. Civ. P. 15, and hereby files this, Motion to for Leave to Amend Pleadings and in support thereof, states the following:

1. On or about August 18, 2008, the subject property suffered damages caused by tropical storm and/or tropical storm force winds, a covered peril under the terms and conditions of the policy.

2. On or about September, 2009, Plaintiffs filed their Complaint for Breach of Contract and Demand For Jury Trial for damages caused by Tropical Storm Fay.

3. On or about November 4, 2009, Defendant's filed their Notice of Filing Removal of Civil Action and this action was moved to the U.S. District Court of Southern District of Florida.

4. On or about April 8, 2010, Defendant filed its Amended Answer and Affirmative Defenses to Plaintiffs' Complaint for Breach of Contract and Demand for Jury Trial.

5. Plaintiffs now seek leave from this Court to amend Plaintiffs' Complaint for Breach of Contract and Demand for Jury Trial to include damages sustained from a water loss which occurred during the Plaintiffs' Policy coverage period of August 13, 2008 through August 13, 2009. (See proposed Plaintiffs' First Amended Complaint attached hereto as Exhibit "1").

6. The defendant was on notice of the observable settlement/subsidence damages at the insured property during its Tropical Storm Fay claims investigation.

7. The Defendant however denied the Young's claim under the "Faulty, inadequate, or defective construction" of the subject policy, forcing the Plaintiff to retain its own experts and conduct their own cause and origin damage assessment.

8. Defendant became aware the cause and origin of water loss claim as early as June 21, 2010 when it took the Plaintiffs' depositions and subsequently filed an Unopposed Motion for Leave to File Second Amended Answers and Affirmative Defenses (Docket 25).

7. The Defendant was accordingly allowed to file a Second Amended Answer and Affirmative Defenses on July 14, 2010 to assert defenses to the subsidence damages. (Docket 26).

8. The Defendant should therefore not be prejudiced by an amendment of the original Complaint alleging a water loss damages since the Defendant should have properly investigated the cause and origin of the damages as exhibited in its pre-suit investigation.

9. This is the first time Plaintiffs seek leave to amend its pleadings.

10. As such, Plaintiffs seek an Order granting the instant motion and accepting the attached, proposed First Amended Complaint for filing.

## MEMORANDUM OF LAW

Fed. R. Civ. P. Rule 15 titled "Amended and Supplemental Pleadings' states in pertinent part as follows:

> "(a) Amendments Before Trial
>
> > (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
> >
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of responsive pleading or 21 days after service of a motion under Rule 12(b), (e) , or (f), whichever is earlier.
> >
> > (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleadings by leave of court and "leave shall be freely given when justice so requires".  The United States Supreme Court has addressed the justification for amendments in *Foman v. Davis,* 371 U.S. 178 (1962) as follows:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded…. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason - such as undue delay, bad faith, or dilatory motive on the movant, repeated failure to cure deficiencies by amendments previously allowed, undo prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be "freely given".

*Id.* at 182; *see also Bryant v. Dupree,* 252 F. 3d 1161 (11th Cir. 2001).

Importantly, none of the reasons for a denial of leave to amend exists in this matter.  Indeed, no party will be prejudiced should this amendment be granted at this time, as discovery has not closed and the Defendant will have an ample opportunity to attempt to refute Plaintiffs' claims.  Defendant has anticipated the amendment but does in fact oppose it.

WHEREFORE, Plaintiffs, RAYMOND YOUNG and PAULA YOUNG, respectfully request that this Honorable Court enter an Order granting the instant Motion, accepting the First

Amended Complaint attached hereto for filing, deeming the First Amended Complaint filed as of the date of the Order granting this Motion, and for any other relief that this Court deems just and proper.

Respectfully Submitted,

MERLIN LAW GROUP, P.A.

/s/ Michelle Claverol
Michelle Claverol, Esquire
Florida Bar No.: 24623
2333 Ponce de Leon Boulevard, Suite 314
Coral Gables, Florida 33134
Tel: (305) 448-4800
Fax: (305) 448-2424
Attorneys for Defendant
mclaverol@merlinlawgroup.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this 19th day of October, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day on: **Patrick Betar, Esq.**, Berk Merchant & Sims, PLC, 2100 Ponce de Leon Blvd., Penthouse I, Coral Gables, FL 33134, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Michelle Claverol
Michelle Claverol, Esquire