UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23370-CIV--SEITZ/O'SULLIVAN

RAYMOND YOUNG &
PAULA YOUNG

    Plaintiffs,
v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERTS AND DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME

THIS MATTER is before the Court on Defendant's Motion To Strike Plaintiffs' Experts [DE-37], Defendant's alternative Unopposed Motion For Extension Of Time To Complete Discovery [DE-38] and Plaintiff's Motion For Enlargement Of Time [DE-39].[1] On February 5, 2010, the Parties filed a Joint Scheduling Report [DE-7] agreeing that Plaintiffs' expert disclosures should be made within 150 days of entry of the Pretrial Order and Defendant's expert disclosures should be made within 180 days of the entry of the Pretrial Order. The Court entered a Pretrial Order [DE-9] on February 16, 2010 that adopted the Parties' proposed deadlines for expert disclosures, making Plaintiff's expert disclosures due July 16, 2010. The July 16, 2010 deadline passed without a timely expert disclosure by Plaintiff, though Defendant served their expert disclosures on August 16, 2010 [DE-30]. The September 30, 2010 deadline for Daubert motions also passed before Plaintiffs disclosed their experts.

---

[1] While the Court's paired Magistrate Judge John O'Sullivan usually resolves motions pertaining to discovery disputes and this Court resolves motions requesting alterations to the case management schedule, the issues raised and relief requested in the Motion To Strike are so intertwined with the Motions for extension that this Court has decided to resolve all of these Motions in the same order.

Plaintiffs did not submit their expert disclosures until October 14, 2010 [DE-32]. Plaintiffs designated three experts, Robert Zuccaro ("Zuccaro"), Michael Biller ("Biller") and Rocco Calaci ("Calaci").[2] While Plaintiffs served reports for Zuccaro and Biller [DE-32-1 through DE-32-5, and DE-32-6 through DE-32-9], they did not serve reports for Calaci and other witnesses who Plaintiffs represented "may be called upon to provide their opinion." Defendants move to strike Plaintiffs' expert disclosures pursuant to Fed. R. Civ. P. 37, which, if successful, would compel Plaintiffs to move forward in this case without an expert.

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the] information of the witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As a result, "[i]t is well settled that Fed. R. Civ. P. 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26 [by excluding the pertinent evidence], unless the violation was harmless or substantially justified." *Saewitz v. Lexington Ins. Co.*, 2003 U.S. Dist. LEXIS 27568, at *5 (S.D. Fla. Oct. 21, 2003); *see also* Fed. R. Civ. P. 37(c)(1), Advisory Committee Note, 1993 Amendements; *Salgado v. General Motors Corp.*, 140 F.3d 735, 742 n. 6 (7th Cir. 1998) ("sanction of exclusion is automatic and mandatory" unless non-movant can show the violation was justified or harmless); *Gottstein v. Flying J, Inc.*, 2001 U.S. Dist. LEXIS 26254, at *7 (N.D. Ala. Sep. 27, 2001) ("The sanction of exclusion for failure to disclose ... is self-executing and automatic unless the nondisclosing party demonstrates that the failure to disclose was 'substantially justified' or

---

[2] The three experts were to offer opinions as follows: (1) Zuccaro was to offer an opinion regarding causation and extent of damages to the roof, interior and exterior; (2) Biller was also supposed to offer an opinion regarding causation and extent of damages to the roof, interior and exterior; and (3) Calaci was to offer an opinion on his analysis of the weather conditions at the location of Plaintiffs' property during Tropical Storm Fay.

'harmless'").

Here, Plaintiffs' only proffered justification for failing to disclose their experts in a timely fashion is their failure to calendar the agreed dates for expert disclosures. Even if a failure to calendar deadlines could serve as "substantial justification" standing on its own, it certainly cannot do so in this case given that other events in the case management schedule should have tipped Plaintiffs off well in advance of October 14, 2010 that they needed to disclose their experts.

Plaintiffs filed this action on November 4, 2009. They have the burden of prosecuting their case and if they had not already had their experts evaluate damages prior to filing suit to determine a good faith basis for this action, they should have been developing their expert testimony well in advance of the required disclosure deadlines. Moreover, Plaintiffs chose the dates for disclosure of their experts and proposed the dates to the Court, which adopted those dates in the case management schedule.

If the failure to disclose was due to a failure to properly calendar the disclosure deadline, Plaintiffs should have been made aware of their failure to timely disclose their experts as soon as Defendants served their expert disclosures on August 16, 2010. Given the agreement by the Parties that Plaintiffs would disclose their experts first, Defendants' disclosure should have been an obvious sign to Plaintiffs that they should have already disclosed their own experts. Moreover, Plaintiffs should also have calendared the September 30, 2010 deadline for filing Daubert motions, and realized they had not made a proper disclosure when that deadline had elapsed. As a result, Plaintiffs' failure to comply with Rule 26's disclosure requirements until three months after the deadline agreed to by the Parties and ordered by the Court, especially given the significance of damages and loss testimony in this windstorm insurance action, is

wholly unjustified.

Thus, Plaintiffs' only potential ground for relief is a showing that their violation of Rule 26 was harmless to Defendants. Because the discovery deadline is less than ten days away and the deadline for filing Daubert motions has already passed, Defendants would be prejudiced as they will not be able to take expert discovery and file appropriate Daubert motions without an extension of the case management deadlines.[3] It is a known fact in cases such as this that expert witnesses are essential to establish the extent of the damage caused by a windstorm. At this juncture of the case, it would be unfair, simply because of Plaintiffs' failure to prosecute their action diligently, that Defendant should be deprived of an opportunity to take expert discovery, and there appears to be agreement that, at a minimum, the discovery deadline will have to be extended until January 31, 2010 to allow Defendant to depose Plaintiff's experts.[4]

However, Plaintiffs have not shown how their failure to prosecute their claim, any mis-calendaring error and subsequent failure to notice other obvious red flags of their discovery

---

[3] In its response to Defendant's Motion To Strike, Plaintiffs claim that they had disclosed expert reports to Defendant via discovery responses and/or production in response to a non-party subpoena. (DE-40 at page 5). However, not only have Plaintiffs failed to specify when the reports were first disclosed, they have also not submitted any evidence to support their claim that Defendant had the reports prior to Plaintiffs' formal disclosure on October 14, 2010.

[4] Thus, this case is much different than *Vitola v. Paramount Automated Food Srvs.*, 2009 WL 5067658 (S.D. Fla. Dec. 17, 2009), where the Court found plaintiffs' failure to merely *supplement* their damages disclosure and provide a more exact description of the nature and amount of damages in a timely fashion did not unduly prejudice defendants when trial was over two months away and "the nature of the plaintiffs' damages [was already] clear." Plaintiffs in *Vitola* had already disclosed damages disclosures and the court was able to remedy any potential prejudice by requiring a supplement well before trial.

Here, according to the record before the Court, Plaintiffs did not make *any* disclosure as to the identify of their designated expert witnesses or their opinions until after the deadline for filing Daubert motions. The *Vitola* court did not need to modify its case management schedule at all to cure any prejudice to defendants, while this Court has have no choice but to do so to avoid unfair prejudice to Defendant in this case.

The Parties intended to have the Court resolve Daubert issues before filing motions for summary judgment as they proposed a Daubert-motion deadline more than two months before the summary-judgment-motion deadline of December 6, 2010, which is two months before the newly proposed discovery deadline. Thus, the proposed extension would require a reshifting of all remaining case management deadlines, including the trial date.

violations justify a significant reshaping of the case management schedule. The Court has the responsibility to manage its docket, and will not continue the trial in this matter because of an attorney error without a showing of good cause. *See* Fed. R. Civ. P. 16(4). Because Defendant would be prejudiced if it did not have a meaningful opportunity to take expert discovery, and good cause does not exist for the Court to cure that prejudice by overhauling its case management schedule, Defendant's Motion To Strike will be granted. Having carefully considered the Motions, it is hereby

ORDERED THAT

(1) Defendant's Motion To Strike Plaintiffs' Experts [DE-37] is GRANTED.

(2) Plaintiffs' Motion For Enlargement Of Time [DE-39] is DENIED.

(3) Defendant's Unopposed Motion For Extension Of Time To Complete Discovery [DE-38] is DENIED as it is moot.

DONE AND ORDERED in Miami, Florida, this 29 day of October, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record