UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-23370-CIV-SEITZ/O'SULLIVAN

RAYMOND YOUNG and
PAULA YOUNG,

    Plaintiff,
vs.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**MOTION FOR RECONSIDERATION OF COURT'S ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' EXPERTS AND DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

The Plaintiffs, RAYMOND and PAULA YOUNG, by and through their undersigned counsel, hereby file this Motion for Reconsideration on Defendant's Motion to Strike Plaintiffs' Experts and Denying Plaintiffs' Motion for Extension of Time, and pursuant to Federal Rule of Civil Procedure 60(b), and state as follows:

**I. Background**

1.    This is a breach of contract action for damages caused to the insured property by Tropical Storm Fay that were not fully paid by Lexington Insurance Company.

2.    On or about September, 2009, Plaintiffs filed their Complaint for Breach of Contract and Defendant subsequently removed the case to federal court. (D.E. 1).

3.    On February 5, 2010 the parties filed a Joint Scheduling Report (D.E. 7) and the Court incorporated the agreed upon deadlines in its Scheduling Order (D.E. 9).

4.    Upon receipt of the Joint Scheduling Report, the undersigned's assistant calendared the mutually agreed deadlines. However, upon receiving the Scheduling Order, and

1

under the impression that the Order superseded the Joint Scheduling Report, the undersigned's assistant deleted without permission all previously agreed deadlines and only calendared those deadlines set forth on the Scheduling Order. (See attached Affidavits Exhibit "A" and "B").

5. As a result thereof, the undersigned missed the agreed upon deadline to serve expert witness disclosures.

6. As soon as the undersigned became aware of the clerical mistake, it served Plaintiffs' Expert Witness Disclosures on October 14, 2010. (D.E. 32).

7. Notwithstanding the clerical mistake, the Defendant had an opportunity to review the expert witnesses' reports during the course of Rule 26 disclosures, reciprocal discovery and non-party subpoena responses as early as April 26, 2010 and through subsequent Rule 26 Amendments on June 18, 2010. (See attached Affidavit Exhibit "A").

8. On June 21, 2010, after receiving Plaintiffs' Second Amended Rule 26, the parties agreed to bifurcate the depositions of the Plaintiffs to allow further discovery on the nature and extent of the damages since the Second Amended Rule 26 significantly changed the amount at issue in this matter. (See attached Affidavit Exhibit "A"). To date, Plaintiff's depositions have yet to be rescheduled.

9. Having had notice of the expert reports during the discovery period, via discovery responses and Rule 26 disclosures, Defendant scheduled the depositions of some of the experts listed on Plaintiff's belated Witness Disclosures, to wit: the Corporate Representative of CISCA Construction and Michael Wightman of Florida Professional Geologists. (See attached Exhibit "C").

10. Although the above referenced depositions did not go forward due to scheduling conflicts, it shows that the Defendant had ample opportunity to take depositions of the same people Plaintiff ultimately disclosed as their experts.

11. On October 29, 2010, this Honorable Court found that the Defendant was prejudiced by Plaintiffs' late disclosures of experts and granted the Defendant's Motion to Strike Expert Witnesses; denied Plaintiffs' Motion for Enlargement of Time and denied Defendant's Unopposed Motion for Extension of Time to Complete Discovery as moot.  (D.E. 44).

## II. Argument

*i. Standard for Motion for Reconsideration*

Federal Rule of Civil Procedure 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992); Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366

(S.D. Fla. 2002).  Further, a motion for reconsideration is appropriate under three circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d at 1369 (holding that reconsideration is appropriate when the Court "patently misunderstood a party").  A change in the facts upon which a decision is based will justify a reconsideration of a previous order.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 695 (M.D. Fla. 1994).

### ii. Reconsideration Should Be Granted on Grounds of Change in Facts

This Honorable Court's Order Granting Defendant's Motion to Strike Plaintiffs' Experts dated October 29, 2010, states, "If the failure to disclose was due to a failure to properly calendar the disclosure deadline, Plaintiffs should have been made aware of their failure to timely disclose their experts as soon as Defendants served their expert disclosures on August 16, 2010."  Further, Footnote 3 of the Order states, "In its response to Defendant's Motion To Strike, Plaintiffs claim that they had disclosed expert reports to Defendant via discovery responses and/or production in response to a non-party subpoena.  (D.E. 40 at page 5).  However, not only have Plaintiffs failed to specify when the reports were first disclosed, they have also not submitted any evidence to support their claim that Defendant had the reports prior to Plaintiffs' formal disclosure on October 14, 2010."

Plaintiffs agree that the exact date of the informal disclosures or discovery responses were not provided to the Court in their Response to Defendant's Motion to Strike. However, Defendant never disputed receipt of the informal disclosures (e.g. Rule 26, discovery responses, and non-party subpoena responses) in its Reply. For the Court's benefit, the undersigned has

4

prepared an Affidavit delineating the dates of informal disclosures to show that Defendant had ample informal notice of the expert witnesses' reports, but the Defendant did not take any affirmative steps to secure the desired discovery. In fact, Defendant had scheduled the Corporate Representative of CISCA Construction for September 16, 2010 and Michael Wightman of Florida Professional Geologists for October 7, 2010 and although these depositions could not go forward due to scheduling conflicts, the Defendant did not secure any additional dates to take these depositions before the discovery cut-off deadline.

Notably, on August 17, 2010, the day after receipt of Defendant's Expert Witness Disclosures (D.E. 30), Plaintiffs hand delivered their expert report to counsel for the Defendant. (See attached Affidavit Exhibit "A" with delivery confirmation) albeit not in a pleading format. This report is and was titled, Damage Inspections, Analysis and Assessments Final Report and it is identical to the report submitted in Plaintiffs' Expert Witness Disclosure filed on October 14, 2010. In essence, Defendant had eighty (80) days before the discovery cut-off to take the desired depositions since as of August 17, 2010 it had copies of all the reports at issue in this case, except Mr. Calacci's expert report which was served on October 21, 2010, which was fifteen (15) days prior to the discovery cut-off. The Defendant had ample time to continue securing depositions, and therefore the Defendant should be estopped from alleging prejudice and surprise after receipt of the belated formal disclosures.

This Honorable Court imposed the harshest penalty of striking a party's witness finding that the undersigned counsel failed to notice obvious red flags during discovery despite the clerical mistake. While the undersigned counsel admits full fault and responsibility for her inadvertent wrongdoing, Plaintiffs respectfully ask the Court to reconsider its factual findings in that the supporting Affidavits show that Defendant had sufficient notice of the expert reports at

issue as early as April 26, 2010 when it received Rule 26 disclosures, subsequently on June 18, 2010 when it received discovery responses and finally on August 17, 2010 when it received an informal disclosure of additional expert reports. Rather than taking affirmative steps to secure the desired discovery, the Defendant waited until it was too late to take additional depositions to claim surprise and prejudice.

Based on the foregoing, Plaintiffs respectfully request that this Honorable Court reconsider its finding that the Defendant was prejudiced by the late filing of its Expert Witness Disclosures and allow this lawsuit to be heard on its merits rather than *de facto* depriving Plaintiff of its day in court in a windstorm damage case. Plaintiffs further request that the Court to find that Defendant was not prejudiced by the Plaintiff's late expert disclosures, especially since the Defendant was ready to extend the discovery cut-off (D.E. 38) and trial in this matter is not scheduled until April 20, 2011.

### *Reconsideration Should be Granted to Correct Clear Error As a Matter of Law*

Under Federal Rule of Civil Procedure 26(a)(2)(c), a party is required to disclose its expert witness reports. Fed. R. Civ. P. 26(a)(2)(c); *Sherrod v. Lingle,* 223 F.3d 605 (7th Cir. 2000). "If a party fails to... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use... that witness... unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *OFS Fitel, LLC v. Epstein, Becker and Green,* P.C., 549 F.3d 1344 (11th Cir. 2008). "The sanction must be one that a reasonable jurist, apprised of the circumstances, would have chosen as proportionate to the infraction. Reflecting this principle, Rule 37 precludes the trial judge from imposing the exclusion sanction unless it finds that the party's failure to comply with Rule 26 was both unjustified.

Plaintiffs' respectfully ask the Court to reconsider factors espoused by Rule 37(c)(1) of the Federal Rules of Civil Procedure in light of the supporting Affidavits to wit:  "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  Managed Care Solutions, Inc. v. Essent Healthcare, Inc., No 09-60351-CIV, 2010 WL 1837724 (S.D. Fla. May 3, 2010).  Plaintiffs hope that the Court finds that the clerical mistake is harmless compared to the importance of the excluded testimony, the lack of surprise on the part of the Defendant and the availability of a continuance to cure any prejudice, which the Defendant sought in its Unopposed Motion for Extension of Time to Complete Discovery (D.E. 38).  See Vitola v. Paramount Automated Food Services, Inc., No. 08-61849-CIV, 2009 WL 5067658 (S.D. Fla. Dec. 17, 2009).

### *iv.  Reconsideration Should be Granted to Prevent Manifest Injustice*

It has also been held that reconsideration sought on the basis of manifest injustice should be granted if the injustice from the case is "apparent to the point of being indisputable."  In re Slizyk, No. 6:06-cv-1896-Orl-19, 2007 WL 2406997, *2 note 4 (M.D. Fla. Aug. 20, 2007). Reconsiderations on grounds of manifest injustice are appropriate "when the Court has patently misunderstood a party … or has made a mistake, not of reasoning, but of apprehension." Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480 (M.D. Fla. 1999).

In the instant case, the Court heavily relied upon the Defendant's allegations of prejudice in light of the informal disclosures, Rule 26 filings and discovery responses.  Of notable importance, Defendant never filed a Motion to Compel Expert Witness Disclosures and rather than securing more depositions during the months of informal disclosures, Defendant turned a

blind eye to the repeated disclosures waiting for the procedural opportunity to allege surprise and prejudice.

In light of the foregoing, the undersigned respectfully requests this Honorable Court to reconsider its ruling and deny Defendant's Motion to Strike Expert Witness Disclosures.

**WHEREFORE**, Plaintiffs, RAYMOND YOUNG and PAULA YOUNG, respectfully request that this Honorable Court reconsiders its Order entered on October 29, 2010, denying Defendant's Motion to Strike Witnesses, accept Plaintiff's Expert Witness Disclosure as served on October 15, 2010 and grant an extension for the parties to file Daubert motions.

Respectfully Submitted,

MERLIN LAW GROUP, P.A.

/s/  Michelle Claverol
Michelle Claverol, Esquire
Florida Bar No.: 24623
2333 Ponce de Leon Boulevard, Suite 314
Coral Gables, Florida 33134
Tel: (305) 448-4800
Fax: (305) 448-2424
Attorneys for Defendant
mclaverol@merlinlawgroup.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)**

The undersigned hereby certifies that the parties discussed the issues raised in this motion on November 6, 2010 where Defendant advised that it move to strike any expert witness disclosures filed by the Plaintiff.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** on this 8th day of November, 2010, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on: **Patrick Betar, Esq.**, Berk Merchant & Sims, PLC, 2100 Ponce de Leon Blvd., Penthouse I, Coral Gables, FL 33134, via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/  Michelle Claverol
Michelle Claverol, Esquire