UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23370-CIV--SEITZ/O'SULLIVAN

RAYMOND YOUNG &
PAULA YOUNG

    Plaintiffs,
v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court on Plaintiffs' Motion For Reconsideration [DE-48] of the Court's Order striking Plaintiffs' experts [DE-44]. This is an action for breach of contract arising out of a 2008 Tropical Storm Fay windstorm insurance policy claim. On October 15, 2010, three months late, Plaintiffs' served a Rule 26(a)(2) disclosure identifying three experts: Robert Zuccaro ("Zuccaro"), Michael Biller ("Biller") and Rocco Calaci ("Calaci"). The disclosure also identified nine other individuals or companies from the engineering and contracting industries who were "not designated as experts," but according to the disclosure were potential witnesses. (DE-32 at page 2). According to the disclosure, Zuccaro and Biller were going to offer expert opinions as to the causation and extent of damages to Plaintiffs' property, and Calaci was going to offer an expert opinion as to weather conditions at the location of Plaintiffs' property during Tropical Storm Fay. On November 1, 2010, the Court granted Lexington Insurance Company's ("Lexington's") Motion To Strike the late-filed expert disclosure because Plaintiffs' only proffered justification for its untimely disclosure was clerical error and Lexington would have incurred great prejudice without a lengthy continuance of case management deadlines.

A motion for reconsideration can be granted in only three circumstances: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). Moreover, a motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). While Plaintiffs present evidence that they failed to introduce in briefing on the Motion To Strike, none of that evidence is "new" for purposes of motion for reconsideration because Plaintiffs could have brought it to the Court's attention in their response brief but did not.

Accordingly, Plaintiffs' only potential ground for relief is a need to correct clear error or prevent manifest injustice. Plaintiffs claim they produced Plaintiffs' experts' reports during discovery such that Lexington had ample opportunity to depose Plaintiffs' experts in a timely fashion. Specifically, Plaintiffs allege Lexington had an opportunity to review reports as early as April 26, 2010 in documents produced by third parties, though Plaintiffs do not identity the producing parties or the witnesses who wrote the reports. Plaintiffs' counsel has submitted an affidavit averring that Plaintiffs produced Zuccaro's and Biller's expert reports with a number of other documents on June 18, 2010, almost a month before Plaintiffs' deadline for disclosing experts. (DE-48-1, Affidavit of Michelle Claverol, at page 3).[1] Finally, Plaintiffs point out that Lexington noticed the deposition of CISCA Construction ("CISCA") and Michael Wightman ("Wightman") of Florida Professional Geologists, implying that because Lexington knew of Zuccaro's and Biller's involvement in the case, Lexington should have deposed them before filing a motion to strike.

---

[1] Plaintiffs admit that they did not serve Calacci's report until October 21, 2010. (DE-48 at page 5).

Plaintiffs claim the Court should reconsider its Order to prevent manifest injustice because Lexington unfairly took advantage of Plaintiffs' clerical mistake.

However, Plaintiffs argument that Defendants had a duty before filing a motion to strike to attempt depose Zuccaro, Biller, and every other individual or company who produced a scientific or technical report, in the absence of a proper disclosure disclosing them as expert witnesses, is incorrect. The litany of reports Plaintiffs produced during discovery and participation of a number of witnesses with technical knowledge highlights the purpose of requiring Plaintiffs to identify the *witnesses they actually intend to use to introduce expert testimony* in a timely fashion. Without knowing the identity of Plaintiffs' expert witnesses, Lexington could not know whether to file a Daubert motion as to one of the witnesses, or even whether it needed to depose a potential expert at all.[2] Accordingly, none of the new facts Plaintiffs have introduced support a reconsideration of the earlier Order. It is hereby

ORDERED THAT Plaintiffs' Motion For Reconsideration [DE-48] is DENIED.

DONE and ORDERED in Miami, Florida this 10 day of December, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

---

[2] In its Motion For Reconsideration, Plaintiffs erroneously identify CISCA and Wightman as "experts," although Plaintiffs' disclosure expressly states that neither would be offering expert testimony. Plaintiffs' failure, even in its Motion For Reconsideration, to be able to properly identify their expert witnesses only reinforces the prejudice of Defendant due to Plaintiffs' untimely disclosure. The case management plan adopted the Parties' plan to resolve this case in a speedy and cost-efficient manner. Plaintiffs are responsible for prosecuting this action. Excusing their failure to comply with their responsibilities would impose an unfair burden on the opposing side.