

# MERLIN
## LAW GROUP

### AUTHORITY TO REPRESENT
### INSURANCE CLAIMS

The undersigned CLIENT, Raymond + Paula Young ("CLIENT"),
does hereby retain and employ the attorneys of the MERLIN LAW GROUP, 2333
Ponce de Leon Boulevard, Suite 314, Coral Gables, FL 33134 ("LAWYERS"), as
CLIENT'S attorneys, to represent CLIENT for all insurance and bad faith claims
arising out of a _Storm Fay_ claim involving the property located at -
8906 SW 129th Terr. Miami, FL 33176 against
Lexington Ins. CO., or any other responsible insurer or entity
("Insurance Company), upon the following terms:

### I.   RESPONSIBILITY TO PAY LAWYERS' FEE

**A.   Lawyer's Fees:**

The CLIENT agrees to hire the LAWYERS in this matter on a
contingency fee basis. The CLIENT agrees to pay the LAWYERS as set
forth below:

   1.   10% of gross recovery of new monies if claims are settled
with insurance company without litigation, plus costs.

   2.   33 1/3% of the gross recovery of all sums if the contractual
claims are denied and/or any type of litigation (i.e. Petition to compel
appraisal) is required, plus costs.

   3.   40% of the gross recovery of all sums acquired from a bad
faith cause of action, plus costs.

In the event of an appeal or if any court proceedings after judgment must
be brought to collect the judgment, the fee shall be increased by an
additional 5% of the amount paid. **If there is no recovery, there will be
no charge for attorney's fees or costs.**

The CLIENT will pay these fees, even if this case is settled before a
lawsuit is commenced. If CLIENT accepts a settlement without the
LAWYERS' consent, then CLIENT will pay from the gross recovery, or
otherwise, an attorney's fee based upon the reasonable hours spent on this
matter at an agreed hourly rate of $550.00/hour for partner attorneys,
$450.00 to $350.00/hour for associate attorneys, and $125.00 to
$100.00/hour for paralegals.

www.merlinlawgroup.com

TAMPA, FL
777 S. HARBOUR ISLAND BLVD.
SUITE 950
TAMPA, FL 33602
TELEPHONE: (813) 229-1000
FAX: (813) 229-3692

CORAL GABLES, FL
2333 PONCE DE LEON BLVD.
SUITE 314
CORAL GABLES, FL 33134
TELEPHONE: (305) 448-4800
FAX: (305) 448-2424

GULFPORT, MS
368 COURTHOUSE ROAD
SUITE C
GULFPORT, MS 39507
TELEPHONE: (228) 604-1175
FAX: (228) 604-1176

HOUSTON, TX
THREE RIVERWAY
SUITE 1375
HOUSTON, TX 77056
TELEPHONE: (713) 626-8880
FAX: (713) 626-8881

The contingency fee to be paid to the LAWYERS will be calculated based upon the "gross recovery" obtained in this case. LAWYERS shall be able to receive their percentage of fee or their hourly rate, whichever is greater.

The CLIENT further agrees not to settle any represented claim in any manner without prior written notification to the LAWYERS.

In making this agreement to pay attorney's fees, CLIENT acknowledges that the relevant marketplace of attorneys with the legal expertise to prosecute my insurance claims and issues of bad faith is limited. CLIENT has made inquiry concerning the expertise of the LAWYERS and is satisfied that the LAWYERS are specialists in insurance law. Further, CLIENT states that the funds needed to prosecute his case are beyond his personal means and that the advancing of costs on a contingent basis is the only practical way for it to have the money to pursue my rights.

It is understood that if the above named CLIENT changes residences and/or telephone numbers, that CLIENT will immediately notify the office of MERLIN LAW GROUP P.A., in writing. If such notification is not made, MERLIN LAW GROUP, P.A. shall be absolved from further responsibility for legal representation.

**B.** <u>Definition of Gross Recovery:</u>

The gross recovery is the total amount recovered and actually received by settlement or judgment on behalf of and for the benefit of the CLIENT, including any amount recovered as interest, attorney's fees and court costs. There is to be no deduction for costs or other expenses deducted from the gross recovery in determining the amount of contingency attorney's fee due. Amounts paid to CLIENT by defendant insurance company prior to CLIENT's retention of LAWYERS is not to be included in any calculation of gross recovery.

**C.** <u>Court Awarded Fee:</u>

In the event that the amount of a separately determined court-awarded fee exceeds the amount the CLIENT would be otherwise obligated to pay as a contingency fee from the gross recovery, then the LAWYERS will receive that amount so awarded by the court. This court-awarded amount is in lieu of and shall not be added to the CLIENT's obligation to pay attorney's fees on a contingency fee basis. In the event a court-awarded fee is less than the amount a CLIENT is to pay as a contingency fee, then the difference between the court awarded fee and the amount to be paid pursuant to the contingency fee provisions shall remain due from the CLIENT.

## II.   RESPONSIBILITY FOR COSTS AND EXPENSES

### A.   Advanced Costs:

The CLIENT understands and acknowledges that certain costs will be required to be incurred in the prosecution of the claim and any related litigation.   CLIENT expressly authorizes the LAWYERS to advance such costs as are reasonable and necessary for the prosecution of this matter.  In the event of recovery, such advanced costs are to be paid from any recovery, after reduction of the amount gross recovery by the attorney's fees due.   In the event that no recovery is had, or the recovery is insufficient to fully pay attorney's fees and costs, then the CLIENT shall have no further obligation to reimburse the LAWYERS for costs.  As such, costs advanced become contingent upon recovery.

### B.   Expert and other expenses:

In addition to court costs, deposition fees, service fees, court reporter fees, and other costs of litigation, the CLIENT also expressly understands the need for and expressly agrees to the retention of expert witnesses.  Such experts may include, but are not necessarily limited to, insurance experts, actuaries, doctors, pharmacists, researchers, economists, accountants, or other persons who will be retained by the LAWYERS, to assist in the prosecution of the claims.  Again, the expert expenses so advanced will be reimbursed by the CLIENT only out of any gross recovery, after calculation and payment of attorney's fees is made.

## III.   RIGHT TO CONTROL THE LITIGATION AND SETTLEMENT

CLIENT authorizes the LAWYERS to bring those actions and causes of actions that they believe, in good faith, ought to be prosecuted in order to assert the claims against any offending party including punitive damages, as may be applicable.  CLIENT retains the right to ultimately decide whether a settlement should be accepted, but agrees not to accept any settlement offer without first conferencing with the LAWYERS, and advising of CLIENT's desire for acceptance.   CLIENT, again, acknowledges that the claims do, or may, carry a right to obtain an attorney's fee based upon, among other things; the attorneys' hours spent prosecuting the claims.  Further, that a settlement offer inclusive of the attorney's fees claim may represent substantially more in attorney's fees payment than even CLIENT's claim on the merits independent of attorney's fees.   It is for this reason that CLIENT agrees to pay the LAWYERS the hourly rates set forth in Paragraph I.A. above if CLIENT settles without the LAWYERS consent.

## IV. THE LAWYERS' RIGHT TO WITHDRAW

The CLIENT will cooperate with the LAWYERS, as they handle this case. Even after a lawsuit is filed, the LAWYERS may discover facts that may lead them to recommend that this case be dismissed, or that other attorneys be hired to handle this case. The CLIENT agrees that the LAWYERS may withdraw from this case any time they recommend that this case be dismissed and the CLIENT disagrees. The CLIENT further agrees that the LAWYERS may withdraw if the CLIENT does not cooperate in the investigation or handling of this matter, or if the Rules of Professional Conduct applicable to the LAWYERS permit them to, or require that they withdraw.

If the LAWYERS decide to withdraw from this case, they will try to protect the CLIENT's interests to the extent reasonably possible by giving reasonable notice, allowing the CLIENT to obtain other attorneys, and giving the CLIENT any papers and property in the LAWYERS' possession, which belong to the CLIENTs. The LAWYERS are expressly acknowledged as having no duty to find replacement attorneys in the event they withdraw from the matter.

## V. RIGHT TO FIRE THE LAWYERS

The CLIENT has the right to fire the LAWYERS at any time, even if the CLIENT has no reason. If the CLIENT fires the LAWYERS, CLIENT agrees to pay the LAWYERS the reasonable value of the LAWYERS' services and to promptly repay any costs or expenses advanced on behalf of the CLIENT in the handling of this matter.

## VI. WHAT THIS AGREEMENT COVERS

This Agreement states the entire agreement between the CLIENT and the LAWYERS takes the place of any prior oral or written agreements. This Agreement is entered into and is to be performed within the State of Florida and is to be interpreted in accordance with Florida Law. The terms of this agreement may be changed only by a separate written agreement signed and dated by the CLIENT and the LAWYERS. If a provision of this Agreement is, or may be, held by a court to be invalid, void, superseded or unenforceable, the remaining provisions nevertheless shall survive and continue in full force and effect without being impaired or invalidated in any way. The section headings herein contained are for purposes of identification only and shall not be considered in construing this Agreement.

## VII.   THE LAWYERS' DO NOT GIVE TAX OR INVESTMENT ADVICE

The LAWYERS make no representations or guarantees regarding the tax consequences of any recovery, which may be obtained on behalf of the CLIENT. The LAWYERS are not tax attorneys or investment counselors and will not give tax or investment advice regarding any recovery or whether to structure any settlement obtained in this case. Accordingly, the CLIENT is urged to obtain CPA's, tax attorneys or investment professionals to provide advice regarding the tax and investment treatment of any settlement. The CLIENT assumes the responsibility of obtaining tax advice from other tax attorneys or accountants.

**READ CAREFULLY:**

THIS IS YOUR CONTRACT; IT PROTECTS BOTH YOU AND YOUR ATTORNEYS AND WILL PREVENT MISUNDERSTANDINGS IN THE FUTURE.

IF, AFTER HAVING READ THIS CONTRACT YOU DO NOT UNDERSTAND ANY PART OF IT, OR IF IT DOES NOT CONTAIN ALL OF THE AGREEMENTS BETWEEN THE PARTIES PERTAINING THERETO, PLEASE DO NOT SIGN THIS CONTRACT.

THE UNDERSIGNED CLIENT HAS, BEFORE SIGNING THIS CONTRACT, RECEIVED AND READ THE STATEMENT OF CLIENT'S RIGHTS AND UNDERSTANDS EACH OF THE RIGHTS SET FORTH THEREIN. THE UNDERSIGNED CLIENT HAS SIGNED THE STATEMENT AND RECEIVED A SIGNED COPY TO REFER TO WHILE BEING REPRESENTED BY THE UNDERSIGNED ATTORNEY(S).

THIS CONTRACT MAY BE CANCELLED BY WRITTEN NOTIFICATION TO THE ATTORNEY AT ANY TIME WITHIN 3 BUSINESS DAYS OF THE DATE THE CONTRACT WAS SIGNED, AS SHOWN BELOW, AND IF CANCELLED THE CLIENT SHALL NOT BE OBLIGATED TO PAY ANY FEES TO THE ATTORNEY FOR THE WORK PERFORMED DURING THAT TIME. IF THE ATTORNEY HAS ADVANCED FUNDS TO OTHERS IN REPRESENTATION OF THE CLIENT, THE ATTORNEY IS ENTITLED TO BE REIMBURSED FOR SUCH AMOUNTS AS THE ATTORNEY HAS REASONABLY ADVANCED ON BEHALF OF THE CLIENT.

We have read this Agreement and agree to all of its terms.

_Raymond A You_     Date: 9|10|09
Insured

_[signature]_     Date: 9|10|09
Insured

_[signature]_     Date: 9|10|09
Michelle Claverol, Esquire
MERLIN LAW GROUP